UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

ASA MANAGEMENT CORP.,
d/b/a SEA SHIPPING LINE,

                Plaintiff,

  -against-

IADC, INC., WPK-EXPRESS,
and MICHAEL WOLSKI,

                Defendants.

---------------------------------------------------------------- X

AMENDED
08 CV 3488 (ARR)(RER)

NOT FOR
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On May 6, 2009, Magistrate Judge Ramon E. Reyes ("Judge Reyes") issued a report and recommendation ("R&R") in this action, recommending the entry of a default judgment against the defendants in the amount of $3,001.47, representing $2,545 in contractual damages and $456.47 in contractual interest. The plaintiff filed objections to the R&R on May 19, 2009. Having reviewed de novo those parts of the R&R to which the plaintiff has objected, this court now awards the plaintiff a default judgment against the defendants in the amount of $26,509.76, representing $23,745.00 in contractual damages and $2,764.76 in contractual interest.

## BACKGROUND

The plaintiff, ASA Management Corp. ("ASA"), d/b/a Sea Shipping Line, brought this action on August 25, 2008, against defendants IADC, Inc. ("IADC"), WPK-Express ("WPK"), and Michael Wolski, alleging that IADC and WPK breached contracts of carriage for the shipment and delivery of automobiles from New York to Poland. ASA moved for default

1

judgment on January 22, 2009, and the Clerk of the Court noted the defendants' default. The plaintiff's motion for default judgment was referred to Judge Reyes for report and recommendation.

Judge Reyes found that the plaintiff had alleged sufficient facts to state a claim for breach of contract against WPK. R&R at 3. Additionally, although IADC and Wolksi were not parties to any of the contracts upon which ASA seeks to recover damages, Judge Reyes found that the plaintiff had alleged sufficient facts to establish alter ego liability for these two defendants Id. at 3-4. Judge Reyes therefore recommended that all three defendants be held jointly and severally liable for all damages resulting from WPK's breach. Id. at 4.

The plaintiff claims that the defendants owe a total of $23,745.00. See Declaration of Fred Morganthaler ("Morganthaler Decl.") ¶ 3. In support of this claim, the plaintiff has submitted an account statement listing the invoices issued to and payments received from the defendants, id., Ex. A, copies of the relevant invoices, id. Ex. B, copies of the relevant bills of lading, Supplemental Declaration of Fred Morganthaler ("Morganthaler Supp. Decl."), Ex. E, and a letter from WPK acknowledging "overdue invoices," Morganthaler Decl., Ex. C.

In the R&R, Judge Reyes highlighted what appeared to be inconsistencies between the invoices, which indicate that $23,475.00 remains unpaid, and the bills of lading, 18 of which include a "prepaid" notation. R&R at 5-6. Since the plaintiff's initial motion papers "presented neither evidence nor argument to explain why the 18 bills of lading appear to be prepaid but were nevertheless subsequently invoiced," Judge Reyes concluded "that any amounts marked as 'prepaid' on the bills of lading," representing $21,200 of the total $23,745 claimed by the plaintiff, "were actually prepaid to ASA, and are therefore not outstanding." Id. Judge Reyes

2

therefore recommended that the plaintiff be awarded only $2,545 in contractual damages. Id. at 6.

Judge Reyes also recommended that contractual interest be awarded, at a rate of 5% per year, beginning on the date when each invoice was generated. Id. at 6-7. Calculated this way, Judge Reyes recommended awarding $456.47 in contractual interest. Id. at 7.

The plaintiff also requested $350 in costs and $2,000 in attorneys' fees. See Morganthaler Decl. ¶¶ 7-8. Since the plaintiff had not identified a statutory or contractual provision authorizing attorneys' fees and costs or alleged bad faith on the part of the defendants, Judge Reyes recommend that this request be denied. R&R at 7.

On May 19, 2009, the plaintiff filed objections to the R&R pursuant to Rule 72(b)(2), Fed. R. Civ. Proc., raising two specific objections. First, the plaintiff argues that Judge Reyes misinterpreted the context of the "prepaid" language on the bills of lading. According to the plaintiff, the "industry term 'freight prepaid' means that the shipper . . . [has] undertaken responsibility for the payment of freight at the port of origin" and the inclusion of this term on a bill of lading "is not, under industry custom and practice, an acknowledgment by the carrier that the freight has actually been paid at the time of the bill of lading is issued." Pl. Objections at 3-4 (citing Second Supplemental Declaration of Fred Morganthaler ("Morganthaler Second Supp. Decl.") ¶ 8). The plaintiff thus requests the full $23,745 it claims remains outstanding, along with the interest that has accrued on all 24 invoices. Id. at 4. Second, the plaintiff reiterates its request for $2,000 in attorneys' fees and $637.20 in costs. Id. at 4-5.

3

## DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." Id. Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. In accordance with the dictates of 28 U.S.C. § 636(b)(1), this court has conducted a de novo review of those portions of the R&R which are specifically addressed in the plaintiff's objections.

### B. Plaintiff's Objections

#### 1. Amount of Damages

The plaintiff first argues that, in concluding that the defendants had already paid the plaintiff for 18 of the 24 invoices, Judge Reyes misinterpreted the context of the "prepaid" language on the bills of lading. See Pl. Objections at 3-4. The plaintiff has submitted a new declaration, reiterating that the "freight charges in question . . . were never paid" by the defendants and stating that "'freight prepaid' is an industry term which has no bearing whatsoever on whether freight has actually been paid at the time the bill of lading is issued." Morganthaler Second Suppl Decl. ¶ 4. According to the plaintiff, the "industry term 'freight prepaid' means that the shipper . . . [has] undertaken responsibility for the payment of freight at the port of origin" and the inclusion of this term on a bill of lading "is not, under industry custom and practice, an acknowledgment by the carrier that the freight has actually been paid at the time of

4

the bill of lading is issued." Id. ¶ 8. In other words, the "prepaid" language relied on by Judge Reyes, see R&R at 5-6, indicates that WPK was the party responsible for the freight charges, not that the WPK had already paid the freight charges.

This interpretation of the bills of lading is corroborated by a letter sent from WPK acknowledging "overdue invoices" in excess of $5,000. Morganthaler Decl., Ex. C. This letter states in relevant part: "WPK-EXPRESS would like to inform you that we will pay $5000 to cover overdue invoices by the end of the month. The rest of the outstanding balance will be paid by the end of the year." Id. Although this letter does not specify a specific amount owed to the plaintiffs, it does acknowledge owing more than $5,000, which would be inconsistent with having prepaid all but $2,545.

In light of the declaration providing context for the term "freight prepaid" on the bills of lading, the sworn declaration indicating that the defendants have not paid the balance in question, and the correspondence from WPK corroborating the plaintiff's claim, this court awards the plaintiff contractual damages in the amount of $23,745.

### 2. Calculation of Interest

Although the plaintiff has not objected to Judge Reyes' methodology for calculating interest, the determination that the plaintiff is entitled to contractual damages for all of the submitted invoices requires a recalculation of the contractual interest award. Using the methodology described in the R&R, see R&R at 7, n. 6, and based on the date of this order, the court awards the plaintiff $2,764.76 in contractual interest.

### 3. Attorneys' Fees and Costs

The plaintiff also objects to Judge Reyes' recommendation that its request for attorneys

fees and costs be denied. The plaintiff has submitted a detailed accounting of the resources expended on this litigation, see Declaration of Ronald Betancourt, but the plaintiff still has not identified a statutory or contractual provision authorizing attorneys' fees and costs or alleged bad faith on the part of the defendants. See Ingersoll Mill. Mach. Co. v. M/V Bodena, 829 F.2d 293, 309 (2d Cir. 1987), cert. denied 484 U.S. 1042 (1988). The plaintiff's contention that an award of fees and costs would be "just, especially considering defendants acknowledged their debt, promised to pay it over time and then simply walked away from their obligations," Pl. Objections at 5, is not sufficient to establish that the defendants acted in bad faith. Accordingly, the plaintiff's request is denied.

## CONCLUSION

For the reasons set forth above, the court awards the plaintiff a default judgment against the defendants in the amount of $26,509.76, representing $23,745.00 in contractual damages and $2,764.76 in contractual interest. The plaintiff's request for attorneys' fees and costs is denied. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

s/ ARR

Allyne R. Ross
United States District Judge

Dated: July 22, 2009
Brooklyn, New York

SERVICE LIST:

<div style="margin-left: 2em;">

<u>Plaintiff's Counsel</u>
Ronald Betancourt
Betancourt VanHemmen Greco & Kenyon
46 Trinity Place
New York, NY 10006

<u>Defendants</u>
IADC, Inc.
8223 Bay Parkway
Suite 3a
Brooklyn, NY 11214

WPK-Express
8223 Bay Parkway
Suite 3a
Brooklyn, NY 11214

Michael Wolski
8223 Bay Parkway
Suite 3a
Brooklyn, NY 11214

</div>

cc:         Magistrate Judge Reyes